## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY,<br>Plaintiff, | )<br>)<br>) | |
| | ) | CIVIL ACTION NO: 18-CV-411 |
| v. | ) | |
| | ) | AMENDED COMPLAINT FOR |
| KRESGE WESTMINSTER, LLC,<br>PROJO WESTMINSTER, LLC,<br>WILLIAM THIBEAULT, DANIEL DWYER<br>and BLADIMIR HERNANDEZ,<br>Defendants. | )<br>)<br>)<br>)<br>) | DECLARATORY JUDGMENT<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT FOR DECLARATORY RELIEF

### PRELIMINARY STATEMENT

1.     This is an action seeking declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202 with respect to the claimed obligation of Nautilus Insurance Company ("Nautilus") to provide a defense to or otherwise accept coverage for claims made by Daniel Dwyer against Kresge Westminster, LLC, William Thibeault and Projo Westminster, LLC and for claims made by Bladimir Hernandez against Kresge Westminster, LLC and William Thibeault.

### THE PARTIES

2.     Nautilus is an insurance carrier that is organized under the laws of Arizona with a principal place of business in Scottsdale, Arizona that has been duly authorized at all relevant times to engage in the business of insurance within the State of Rhode Island.

3.     Kresge Westminster, LLC ("Kresge") is a Rhode Island limited liability company which owns property in Rhode Island.

4.     Projo Westminster, LLC ("Projo") is a Rhode Island limited liability company which owns property in Rhode Island.

5.   William Thibeault ("Thibeault") is a resident of Massachusetts.

6.   Daniel Dwyer ("Dwyer") is a resident of Attleboro, Massachusetts.

7.   Bladimir Hernandez ("Hernandez") is a resident of Chelsea, Massachusetts.

## JURISDICTION AND VENUE

8.   This is an action for declaratory judgment under 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

9.   This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and the parties are diverse.

10.   Venue is proper in this district under 28 U.S.C. § 1391 as a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

### Underlying Claims

11.   On or about July 22, 2016, Dwyer and Hernandez were performing work at premises located at 203, 213 and 187 Westminster Street in Providence, Rhode Island (the "premises") along with employees from Wood Waste of Boston, Inc. and American Labor Services, Inc.

12.   On or about July 22, 2016, the premises were owned by Kresge and/or Projo.

13.   On or about July 22, 2016, Dwyer and Hernandez were injured at the premises when a wall collapsed on them. Upon information and belief, the wall collapsed as a result of work performed by employees of Wood Waste of Boston, Inc. and/or American Labor Services, Inc.

-2-

14.     At the time of the accident, Kresge and Projo were insured by Nautilus pursuant to Policy Number NN672548 (the "Nautilus Policy"). A true and correct copy of the Nautilus Policy is attached hereto as **Exhibit A**.

15.     The Nautilus Policy contains certain endorsements that exclude coverage under the policy, including Form L282 (07/10), EXCLUSION – CONTRACTORS AND SUBCONTRACTORS, which reads as follows:

> **EXCLUSION – CONTRACTORS AND SUBCONTRACTORS**
>
> The following exclusion is **added to 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability, Coverage B - Personal And Advertising Injury Liability** and **Coverage C - Medical Payments:**
>
> This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of work performed by any contractor or subcontractor whether hired by or on behalf of any insured, or any acts or omissions in connection with the general supervision of such work.

16.     Dwyer has filed a lawsuit in the Rhode Island Superior Court, Providence County, entitled *Daniel P. Dwyer v. American Labor Services, Inc., Wood Waste of Boston, Inc., Thibeault Development, LLC, Projo Westminster, LLC; Kresge Westminster, LLC; William Thibeault and TMGM Holdings LLC*, Case No. PC-2016-4376 (the "Dwyer Action"). A copy of the Second Amended Complaint in the Dwyer Action is attached as **Exhibit B**.

17.     Hernandez has filed a lawsuit in the Rhode Island Superior Court, Providence County, entitled *Bladimir Hernandez v. American Labor Services, Inc., Thibeault Development, LLC, Kresge Westminster, LLC and William Thibeault*, Case No. PC-2019-1891 (the "Hernandez Action"). A copy of the Complaint in the Hernandez Action is attached as **Exhibit C**.

18.     Kresge, Projo and Thibeault have requested that Nautilus agree to defend the claims against them in the Dwyer Action.

827023v.1

19.    Kresge and Thibeault have requested that Nautilus agree to defend the claims against them in the Hernandez Action.

20.    Nautilus has agreed to defend Kresge, Projo and Thibeault but has reserved its rights with respect to its coverage obligations in light of its coverage concerns, including its Contractors and Subcontractors Exclusion.

## CLAIM FOR DECLARATORY RELIEF

### COUNT I

21.    Nautilus realleges and incorporates by reference paragraphs 1 through 20 of this Amended Complaint as if fully set forth herein.

22.    In the Dwyer Action, Dwyer seeks to recover damages from Kresge, Projo and Thibeault for personal injuries that he allegedly suffered as a result of the July 22, 2016 accident.

23.    In the Hernandez Action, Hernandez seeks to recover damages from Kresge and Thibeault for personal injuries that he allegedly suffered as a result of the July 22, 2016 accident.

24.    The claims of Dwyer and Hernandez arise out of work performed by any contractor or subcontractor whether hired by or on behalf of any insured, or any acts or omissions in connection with the general supervision of such work and are, therefore, subject to this "Contractors and Subcontractors" Exclusion.

25.    Kresge, Projo and Thibeault are not entitled to a defense in the Dwyer Action or to be indemnified for any judgment entered against any of them in the Dwyer Action as a result of the "Contractors and Subcontractors" Exclusion.

26.    Kresge and Thibeault are not entitled to a defense in the Hernandez Action or to be indemnified for any judgment entered against any of them in the Hernandez Action as a result of the "Contractors and Subcontractors" Exclusion.

27.     A justiciable controversy has arisen between Nautilus, Kresge, Projo and Thibeault regarding Nautilus' rights and obligations under the Nautilus Policy with respect to the Dwyer Action and the Hernandez Action.  This justiciable controversy is within the jurisdiction of this Court and can be resolved by a declaration of this Court.

### PRAYERS FOR RELIEF

WHEREFORE, the plaintiff, Nautilus Insurance Company, respectfully prays that this Court grant the following relief:

1.      Enter judgment declaring that the EXCLUSION – CONTRACTORS AND SUBCONTRACTORS set forth in the Nautilus Policy precludes coverage for the claims of Daniel Dwyer against Kresge, Projo and Thibeault;

2.      Enter judgment declaring that Kresge, Projo and Thibeault are not entitled to a defense or to be indemnified for the Dwyer Action by Nautilus Insurance Company under the Nautilus Policy;

3.      Enter judgment declaring that the EXCLUSION – CONTRACTORS AND SUBCONTRACTORS set forth in the Nautilus Policy precludes coverage for the claims of Bladimir Hernandez against Kresge and Thibeault;

4.      Enter judgment declaring that Kresge and Thibeault are not entitled to a defense or to be indemnified for the Hernandez Action by Nautilus Insurance Company under the Nautilus Policy;

5.      Declare such further relief as the Court deems just and proper.

**THE PLAINTIFF, NAUTILUS INSURANCE COMPANY, HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES TRIABLE TO A JURY**

827023v.1

Respectfully submitted,

**NAUTILUS INSURANCE COMPANY,**

By its attorneys,

**MORRISON MAHONEY LLP**

*/s/ Mark T. Nugent*
*/s/ Thomas M. Robinson*

Mark T. Nugent, #2637
Thomas M. Robinson, #6193
Ten Weybosset Street, Suite 900
Providence, RI 02903
(401) 331-466
(401) 351-4420 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the EFC System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) this        day of June 2019.

*/s/ Thomas M. Robinson*

827023v.1