# EXHIBIT B

in Providence/Bristol County Superior Court
Submitted: 7/19/2017 10:44:43 AM
Envelope: 1124669
Reviewer: Alexa G.

Case 1:18-cv-00411-JJM-LDA   Document 29-3   Filed 06/19/19   Page 2 of 11 PageID #: 474

| STATE OF RHODE ISLAND | SUPERIOR COURT |
|---|---|
| PROVIDENCE, SC. | |

DANIEL P. DWYER

VS.   C.A. NO.: PC-2016-4376

AMERICAN LABOR SERVICES, INC.,
WOOD WASTE OF BOSTON, INC.,
THIBEAULT DEVELOPMENT LLC,
PROJO WESTMINSTER LLC,
KRESGE WESTMINSTER LLC,
WILLIAM THIBEAULT, and
TMGM HOLDINGS LLC

## SECOND AMENDED COMPLAINT

### PARTIES AND JURISDICTION

1. Plaintiff Daniel P. Dwyer is a resident of Attleboro, Massachusetts.

2. Defendant American Labor Services, Inc. (hereinafter, "ALS."), is a Nevada corporation with a place of business in Rhode Island located at 300 Centerville Road, Warwick, RI. Defendant has sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this court.

3. Defendant Wood Waste of Boston, Inc. (hereinafter, "Wood Waste") is a Massachusetts corporation with a principal place of business located at 85-87 Boston Street, Everett, MA. Defendant has sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this court.

4. Defendant Thibeault Development, LLC (hereinafter, "Thibeault Development") is a Massachusetts corporation with a principal place of business located at 84-87 Boston Street, Everett, MA. Defendant has sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this court.

in Providence/Bristol County Superior Court
Submitted: 7/19/2017 10:44:43 AM
Envelope: 1124669
Reviewer: Alexa G.

5. Defendant Projo Westminster, LLC (hereinafter, "Projo") is a Rhode Island business corporation and owner of property located at 203 and 213 Westminster Street, Providence, RI.

6. Defendant Kresge Westminster, LLC (hereinafter, "Kresge") is a Rhode Island business corporation and owner of property located at 187 Westminster Street, Providence, RI.

7. Defendant William Thibeault (hereinafter, "Thibeault") is a resident of Massachusetts, and is the sole owner, managing agent, and controlling principal of defendants, Thibeault Development, Wood Waste, Projo, and Kresge. Defendant William Thibeault was the de facto owner and developer of the two adjoining premises located at 203 and 213 Westminster Street, and 187 Westminster Street, Providence, RI. Defendant has sufficient minimum contacts with the State of Rhode Island to subject him to the jurisdiction of this court.

8. Defendant TMGM Holdings, LLC (hereinafter "TMGM") is a Massachusetts business corporation engaged in the business of owning, holding, operating, improving and maintaining real estate. Defendant has sufficient minimum contacts with the State of Rhode Island to subject it to the jurisdiction of this court.

## COUNT I

### Negligence as to Defendants Thibeault Development, William Thibeault, Kresge, Projo, and Wood Waste

9. On or about July 22, 2016, plaintiff was directed by defendants Thibeault Development, William Thibeault, and Wood Waste, to perform work at premises located at 203, 213, and 187 Westminster Street, and owned by defendants Projo and Kresge.

2

in Providence/Bristol County Superior Court
Submitted: 7/19/2017 10:44:43 AM
Envelope: 1124669
Reviewer: Alexa G.

Case 1:18-cv-00411-JJM-LDA   Document 29-3   Filed 06/18/19   Page 4 of 11 PageID #: 406

10. Plaintiff was at all relevant times under the exercise of due care for his safety.

11. Defendants Thibeault and Thibeault Development, as managing agents of defendants Projo and Kresge, contracted with defendant ALS, and other contractors, to perform demolition, repair and renovation work at the subject premises.

12. Defendants William Thibeault, Thibeault Development, as managers, and developers of the premises, contracted for, and directed the demolition and repair work on the premises. Defendants, as general contractors, and subcontractors owed a duty of care to plaintiff and others, to provide a reasonable safe work site; to exercise reasonable care in the performance of the demolition work; to exercise reasonable care to initiate and maintain a safety plan; to supervise its contractors and provide for the safe performance of the work; to comply with safety precautions and programs; and to take steps and exercise reasonable care to comply with federal and state regulations, including but not limited to OSHA regulations applicable to the activities performed at the job site. Defendants owed plaintiff a duty to hire and supervise competent workers to perform the demolition and repair work, and to maintain a safe premises and worksite.

13. Defendants William Thibeault and Thibeault Development, as managers and developers of the two premises acted as general contractors with respect to the worksite, and breached their duties to maintain a safe work site.

14. Defendants William Thibeault and Thibeault Development, negligently hired incompetent workers, and negligently supervised workers at the two premises as they performed demolition work, and created a dangerous hazard on the premises.

3

15. Defendants William Thibeault and Thibeault Development, acting as managing agents of the premises owned by Kresge and Projo, negligently hired incompetent workers, and negligently supervised workers at the two premises as they performed demolition work, and created a dangerous hazard on the premises.

16. Defendants William Thibeault and Thibeault Development contracted with defendant Wood Waste to perform, direct, and supervise demolition work at the subject premises.

17. Defendant Wood Waste, acting through its agents, servants, and/or employees, negligently directed, performed, and supervised demolition work at the two subject premises.

18. On or about July 22, 2016, while performing his duties as directed by defendants, plaintiff was substantially injured, when a wall and ceiling collapsed onto him, as a result of the negligence of defendants, through their agents, servants, and/or employees.

19. As a direct and proximate result of defendants' negligence, a wall and ceiling collapsed onto plaintiff, causing serious personal injuries, past and future pain of mind, body, nerves and nervous system, permanent disability, a loss of past and future wages and earning capacity, and plaintiff has become and will in the future become liable to pay large sums of money for medical and/or hospital attention, and plaintiff otherwise was and is injured.

WHEREFORE, plaintiff demands judgment for compensatory damages against Defendants Thibeault Development, William Thibeault, Projo, Kresge, and Wood Waste, jointly and severally, in a sum sufficient to invoke the jurisdiction of this court, together with interest and costs, and such other relief as this court shall deem just and appropriate.

in Providence/Bristol County Superior Court
Submitted: 7/19/2017 10:44:43 AM
Envelope: 1124669
Reviewer: Alexa G.

Case 1:18-cv-00411-JJM-LDA   Document 29-2   Filed 06/18/19   Page 6 of 11 PageID #: 408

## COUNT II

### Premises Liability as to Defendants Kresge and Projo

20. On or about July 22, 2016, plaintiff was directed by defendants Thibeault Development, William Thibeault, and Wood Waste, to perform work at premises located at 203, 213, and 187 Westminster Street, and owned by defendants Projo and Kresge.

21. Plaintiff was at all relevant times under the exercise of due care for his safety.

22. As the owners and entities responsible for the premises where plaintiff suffered his injury, defendants Kresge and Projo owed a duty to maintain a safe premises, free from hazards and dangerous conditions, and to obtain appropriate permits from appropriate governmental authorities to perform the demolition, repair, construction, and other work performed at the two subject premises.

23. Defendants Kresge and Projo hired and contracted with defendant ALS to perform demolition work in the two adjoining buildings. Defendants had a duty to maintain a safe premises and safe work site for all workers on the premises.

24. Defendants breached their duties, and were negligent in their failure to obtain any permits for the work being performed, and for negligent hiring, supervision, inspection, and performance of work so as to create the dangerous hazard and condition which caused injury to the plaintiff.

25. As a direct and proximate result of defendants' negligence and breach of their duties, a wall and ceiling collapsed onto plaintiff, causing serious personal injuries, past and future pain of mind, body, nerves and nervous system, permanent disability, a loss of past and future wages and earning capacity, and plaintiff has become and will in the future become liable

5

in Providence County Superior Court
Submitted: 7/19/2017 10:44:43 AM
Envelope: 1124669
Reviewer: Alexa G.

to pay large sums of money for medical and/or hospital attention, and plaintiff otherwise was and is injured.

WHEREFORE, plaintiff demands judgment for compensatory damages against defendants Kresge and Projo, jointly and severally, in a sum sufficient to invoke the jurisdiction of this court, together with interest and costs, and such other relief as this court shall deem just and appropriate.

### COUNT III

### Alter Ego Liability as to Defendant William Thibeault

26. On or about July 22, 2016, plaintiff was directed by defendants Thibeault Development, William Thibeault, and Wood Waste, to perform work at premises located at 203, 213, and 187 Westminster Street, and owned by defendants Projo and Kresge.

27. Plaintiff was at all relevant times under the exercise of due care for his safety.

28. Defendant William Thibeault is the sole owner, serves as the sole officer, sole shareholder, sole director, and sole managing agent of defendants Thibeault Development, LLC; Projo Westminster, LLC; Kresge Westminster, LLC; TMGM Holdings, LLC, and Wood Waste of Boston, Inc.

29. Defendant William Thibeault directed and instructed plaintiff to perform work as a maintenance technician and property manager at the subject premises, among other properties in Boston and Providence over which he has *de facto* ownership and control.

30. Defendant William Thibeault operates defendants Thibeault Development, LLC; Projo Westminster, LLC; Kresge Westminster, LLC, and TMGM Holdings, LLC, in a manner so as to cause these entities to ostensibly have no employees, while at the same time directing employees of his other wholly owned and controlled corporation Wood Waste of Boston, Inc. to

6

in Providence
nitted: 7/19/2017 10:44:43 AM
lope: 1124669
ewer: Alexa G.

perform work and services, including demolition and construction work on various properties owned, controlled and developed by defendant William Thibeault.

31.  Defendant William Thibeault so dominates and controls defendants Thibeault Development, LLC; Projo Westminster, LLC; Kresge Westminster, LLC, TMGM Holdings, LLC, and Wood Waste of Boston, Inc. so as to render these entities as mere instrumentalities, and alter egos of William Thibeault.

32.  As a result of defendant William Thibeault's domination, control, and conduct of his wholly owned entities, he is liable for the negligence of the entities, agents, servants and employees of such entities.

33.  As the de facto owner and developer of the two premises where plaintiff was working, defendant William Thibeault had a duty to obtain proper building permits, engage and supervise competent contractors and workers to perform demolition and construction work. Defendant Thibeault breached these duties owed to persons on the premises, including the plaintiff.

34.  As a direct and proximate result of the negligence of defendant Thibeault's instrumentalities and entities, and a wall and ceiling collapsed onto plaintiff, causing serious personal injuries, past and future pain of mind, body, nerves and nervous system, permanent disability, a loss of past and future wages and earning capacity, and plaintiff has become and will in the future become liable to pay large sums of money for medical and/or hospital attention, and plaintiff otherwise was and is injured.

WHEREFORE, plaintiff demands judgment for compensatory damages against Defendants Thibeault Development, William Thibeault, Projo, Kresge, TMGM, and Wood Waste, jointly and severally, in a sum sufficient to invoke the jurisdiction of this court, together with interest and costs, and such other relief as this court shall deem just and appropriate.

## COUNT IV

### Subcontractor Negligence as to Defendant ALS

35. On or about July 22, 2016, plaintiff was directed by defendants Thibeault Development, William Thibeault, and Wood Waste, to perform work at premises located at 203, 213, and 187 Westminster Street, and owned by defendants Projo and Kresge.

36. Plaintiff was at all relevant times under the exercise of due care for his safety.

37. Defendant ALS was hired as a subcontractor to perform demolition work and other construction work at the subject premises. Defendant ALS had a duty to maintain a safe workplace, to exercise reasonable care in the performance of the demolition and construction work, to have a safety plan and follow safety procedures, to comply with safety precautions and programs, and to comply with federal regulations, including OSHA.

38. Defendant ALS, through its agents, servants, and/or employees, negligently performed demolition work so as to create a dangerous, unsafe, and hazardous condition in the premises located at 187 Westminster Street, Providence, RI, also known as the Kresge Building.

39. The agents, servants and employees of defendant ALS, negligently performed the demolition work so as to create a hazardous and dangerous condition on the premises.

in Providence
itted: 7/19/2017 10:44:43 AM
lope: 1124669
ewer: Alexa G.

40. As a direct and proximate result of the negligence of defendant ALS, a wall and ceiling collapsed onto plaintiff, causing serious personal injuries, past and future pain of mind, body, nerves and nervous system, permanent disability, a loss of past and future wages and earning capacity, and plaintiff has become and will in the future become liable to pay large sums of money for medical and/or hospital attention, and plaintiff otherwise was and is injured.

WHEREFORE, plaintiff demands judgment for compensatory damages against Defendant American Labor Services, Inc., jointly and severally with the other defendants, in a sum sufficient to invoke the jurisdiction of this court, together with interest and costs, and such other relief as this court shall deem just and appropriate.

DANIEL P. DWYER
By his Attorneys,

/s/ Peter J. Cerilli
Peter J. Cerilli (#2650)
FoleyCerilli, P.C.
56 Pine Street, Suite 200
Providence, RI 02903
Tel: (401) 272-7800
Fax: (401) 274-2780
E-mail: peter@foleycerilli.com

## CERTIFICATION

I hereby certify that on this 19th day of July, 2017, I filed and served this document through the electronic filing system on:

Robert J. Quigley, Esq.
McKenney, Quigley & Clarkin, LLP
72 Pine Street, 4th Floor
Providence, RI 02903

Stephen B. Lang, Esq.
Higgins Cavanaugh Cooney
10 Dorrance Street, Suite 400
Providence, RI 02903

John R. Mahoney, Esq.
Asquith & Mahoney, PC
155 South Main Street, Suite 202
Providence, RI 02903

This document is available for viewing and/or downloading on the Rhode Island Judiciary's Electronic Filing System.

/s/ Brian M. Foley